15CV0816

Page 2

RECEIVED
PRO SE OFFICE

2015 FEB -3 P 12: 19

PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **SOUTHERN** |
|---|---|

| Name (under which you were convicted): **MELVIN PORTER** | Docket or Case No.: **3589/09** |
|---|---|

| Place of Confinement: **SULLIVAN CORRECTIONAL FACILITY** | Prisoner No.: **11-R-0226** |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **MELVIN PORTER** | v. **NEW YORK STATE** |

The Attorney General of the State of
**NEW YORK STATE**

## PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: **Supreme Court of the State of New York, First Judicial District, Criminal Branch, 100 Centre Street, New York, New York 10013**

   (b) Criminal docket or case number (if you know): **No: 358/2009**

2. (a) Date of the Judgment of conviction (if you know): **January 5, 2011**

   (b) Date of sentencing: **January 13, 2011**

3. Length of sentence: **Six (6) Years, and Three (3) Years Post-Release Supervision**

4. In this case, were you convicted on more than one count or of more than one crime?     Yes ☐     No ☒

5. Identify all crime of which you were convicted and sentenced in this case: **Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law §220.09[1]; and Sentencing him to a term of imprisonment of Six years, to be followed by a Three Year period of Post-Release Supervision**

6. (a) What was your plea? (Check one)
   (1)   Not guilty ☒         (3)   Nolo contendere (no contest) ☐
   (2)   Guilty ☐             (4)   Insanity plea ☐

   (b) if you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plea not guilty to?     **N / A**

_____

_____

_____

(c) If you went to trial, did you have? (Check one)

Jury ☒        Judge only ☐

7.  Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☒   No ☐

8.  Did you appeal from the judgment of conviction?

Yes ☒   No ☐

9.  If you did appeal, answer the following:

(a)  Name of court: **Appellate Division, First Department**

(b)  Docket or case number (if you know): **Indictment Number: 3589/2009**

(c)  Result: **Affirmed with Opinion**

(d)  Date of result (if you know): **September 24, 2013**

(e)  Citation to the case (if you know): **109 A.D. 3d 737, 971 N.Y.S. 2d 295**

(f)  Grounds raised: **See Attached Ryder Sheet (Page 3 – A)**

_____

_____

_____

(g)  Did you seek further review by a higher state court?   Yes ☒      No ☐

If yes, answer the following:

(1)  Name of court: **Leave to Appeal in the New York Court of Appeals**

(2)  Docket or case number (if you know): **Indictment No: 3589/2009**

(3)  Result: **Denied**

(4)  Date of result (if you know): **November 22, 2014**

(5)  Citation to the case (if you know): **22 N.Y. 3d 998, 981 N.Y.S. 2d 1171**

(6)  Grounds raised: **See Attached Ryder Sheet (Page 3 – A)**

_____

_____

_____

(h)  Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☒

If yes, answer the following:

(1)  Docket or case number (if you know): _____ **N / A** _____

# ATTACHED RYDER SHEET

(Page 3 – A)

**POINT – I:**    THE OFFICERS MISTAKING APPELLANT FOR THE WARRANT'S ONLY NAMED TARGET, WHO WAS ALSO INSIDE THE BARBERSHOP BUT CLOSER TO THE FRONT ENTRANCE, WAS UNREASONABLE, LEADING TO AN UNCONSTITUTIONAL SEIZURE WITHOUT PROBABLE CAUSE.

    (A) THE WARRANT DID NOT AUTHORIZE THE POLICE TO SEARCH APPELLANT; AND

    (B) ALTERNATIVELY, THE CIRCUMSTANCES DID NOT INDEPENDENTLY PROVIDE PROBABLE CAUSE PERMITTING THE POLICE TO SEARCH AND SEIZE APPELLANT'S POUCH.

**POINT – II:**    THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE, WHERE  (A) THE OFFICER'S TESTIMONY THAT APPELLANT WAS HOLDING A POUCH WHILE CUTTING HAIR WAS FAR-FETCHED, AND THE OFFICER'S VOUCHER OF "CLEAR" ZIPS OF "MARIJUANA" CONTRADICTED THE 70 VARIOUSLY COLORED ZIPS OF COCAINE ATTRIBUTED TO APPELLANT, AND (B) THE CHEMIST'S FLAWED PROJECTION OF THE NET CONTENT WEIGHT OF 48 ZIPS, BASED ON THE WEIGHT OF ONLY ONE ZIP ARBITRARILY CHOSEN, WAS SCIENTIFICALLY UNSOUND.

    (A) THE POLICE TESTIMONY WAS NOT CREDIBLE; AND

    (B) BUTHORN'S CALCULATIONS WERE SCIENTIFICALLY FLAWED.

**POINT – III**    THE COURT DENIED APPELLANT DUE PROCESS BY FAILING TO LIMIT ITS CONSTRUCTIVE POSSESSION CHARGE TO CO-DEFENDANT RINGER AND INSTRUCTING THE JURY ON JOINT POSSESSION, THEREBY BROADENING THE PEOPLE'S THEORY OF GUILT AT TRIAL, AND WRONGFULLY PERMITTING THE JURY TO CONVICT ON AN UNLAWFUL GROUND NOT ALLEGED BY INDICTMENT BUT INSINUATED REPEATEDLY BY CO-DEFENDANT RINGER'S COUNSEL.

**POINT – IV**    THE COURT ERRED IN GRANTING THE PEOPLE'S REQUEST FOR A SIX YEAR SENTENCE WHERE APPELLANT, 63 YEARS OLD WITH A WORK HISTORY, POSSESSED ONLY A SMALL AMOUNT OF DRUGS.

(2)  Result: _____ **N / A** _____

_____

(3)  Date of result (if you know): _____ **N / A** _____

(4)  Citation to the case (if you know): _____ **N / A** _____

10.  Other than the direct appeals listed above, have you previously filed any other petition, application, or motions concerning this judgment of conviction in any state court?

   Yes ☐   No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1)  Name of court: _____ **N / A** _____

   (2)  Docket or case number (if you know): _____ **N / A** _____

   (3)  Date of filing (if you know): _____ **N / A** _____

   (4)  Nature of the proceeding: _____ **N / A** _____

   (5)  Grounds raised: _____ **N / A** _____

_____

_____

_____

_____

_____

_____

   (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐  No ☒

   (7)  Results: _____ **N / A** _____

   (8)  Date of result (if you know): _____ **N / A** _____

   (b)  If you filed any second petition, application, or motion, give the same information:

   (1)  Name of court: _____ **N / A** _____

   (2)  Docket or case number (if you know): _____ **N / A** _____

   (3)  Date of filing (if you know): _____ **N / A** _____

   (4)  Nature of the proceeding: _____ **N / A** _____

   (5)  Grounds raised: _____ **N / A** _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☒

(7)  Results: _____ **N / A** _____

(8)  Date of result (if you know): _____ **N / A** _____

(c)  If you filed any third petition, application, or motion, give the same information:

(1)  Name of court: _____ **N / A** _____

(2)  Docket or case number (if you know): _____ **N / A** _____

(3)  Date of filing (if you know): _____ **N / A** _____

(4)  Nature of the proceeding: _____ **N / A** _____

(5)  Grounds raised: _____ **N / A** _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☒

(7)  Results: _____ **N / A** _____

Date of result (if you know): _____ **N / A** _____

(d)  Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:   Yes ☐  No ☒

(2)  Second petition:  Yes ☐  No ☒

(3)  Third petition:   Yes ☐  No ☒

(e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____ **N /A** _____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

> **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE: <u>See Attached Ryder Sheet (Page 6 – A)</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
<u>**See Attached Ryder Sheet (Page 6 – A - I)**</u>
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____ **N / A** _____
_____
_____
_____

(c) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☒ No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____ **N / A** _____
_____
_____

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   Yes ☐ No ☒

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: _____ **N / A** _____

  Name and location of the court where the motion or petition was filed: _____ **N / A** _____
_____

  Docket or case number (if you know): _____ **N / A** _____

  Date of the court's decision: _____

## ATTACHED RYDER SHEET

**(Page 6 – A)**

### POINT – I

THE OFFICERS MISTAKING APPELLANT FOR THE WARRANT'S ONLY NAMED TARGET, WHO WAS ALSO INSIDE THE BARBERSHOP BUT CLOSER TO THE FRONT ENTRANCE, WAS UNREASONABLE, LEADING TO AN UNCONSTITUTIONAL SEIZURE WITHOUT PROBABLE CAUSE.

(A)   THE WARRANT DID NOT AUTHORIZE THE POLICE TO SEARCH APPELLANT; AND

(B)   ALTERNATIVELY, THE CIRCUMSTANCES DID NOT INDEPENDENTLY PROVIDE PROBABLE CAUSE PERMITTING THE POLICE TO SEARCH AND SEIZE APPELLANT'S POUCH.

### SUPPORTING FACTS

**(Continued Page 6 – A – 1)**

(A)   Unconstitutional Seizure without Probable Cause the warrant did not authorize the police to search appellant.

(B)   Circumstances did not independently provide probable cause permitting the police to search and seize appellant's pouch. The warrant utilized to search the premises of 157 Lenox Avenue, Brite Lite Barbershop, Ground Floor, New York, New York, specifically states and describes a Black Male by the Name of "Harold" and the warrant does not mention anything about searching any individuals personal possessions such as wallets, Pocketbooks or Pouches.

On June 12, 2009, I had arrived to work and about 8:00 a.m. that morning. On or about 3:00 p.m. that afternoon, I was attending to a customer cutting his hair when all of a sudden the police entered the Barbershop, there were a few patrons awaiting on the bench and chairs inside of the Barbershop and other patrons sitting in the front of the Barbershop. Due to the size of the shop only a few patrons are capable of sitting inside.

## ATTACHED RYDER SHEET

**(Continued Page 6 – A – 1)**

When the plains clothed police entered the Barbershop they had vest that stated police along with plastic shields with the words police on them. One of the officers approached me whom I came to be known to me as Officer Edwards during the trial. Officer Edwards approached me while the other officers were rounding everyone sitting outside and inside and made them all lay flat down on the floor. I was standing over a patron cutting his hair with a pair of clippers when Officer Edwards approached me and asked me if I had identification, and then stated "I guess you are wondering why I came to you" in response "I said Yeah". Edwards then told me "where is it Harold." I told Officer Edwards that I was not Harold and I don't know what your talking about. Edwards then stated "let's not play games, where's it at." In response I told Edwards that I do not have the slightest idea what he is talking about.

Edwards told the officer to get a envelope and put my name on it and put this in there (the pouch) and I stated to Edwards "I know you are not going to do like that? In response Edwards stated "You're not helping me." Edwards knew I was not Harold and that I had no knowledge of what he was talking about but placed the pouch and its contents as being in my possession.

The only things I had in my hands at the time was a pair of clippers and a hair comb. On [page 94 thru 103 in Cross- of Det.-Edwards- by Mr. Lieman] you will find that Edwards testimony is far above belief and {page 295 line 25, Ms. Holderness], Summation, she is addressing the jury and states "ask yourself, do you think in looking at Officer Edwards testimony that he intentionally mislead you about anything? She states, he may not be the sharpest tool in the shed, but was he intentionally misleading you? I submit he wasn't, and none of the witnesses stretched the truth.

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

_____

_____

(3)  Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4)  Did you appeal from the denial of your motion or petition?

Yes ☐  No ☒

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☒

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ **N / A** _____

_____

Docket or case number (if you know): _____ **N / A** _____

Date of the court's decision: _____ **N / A** _____

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ **N / A** _____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____ **N / A** _____

_____

_____

**GROUND TWO: <u>See Attached Ryder Sheet (Page 7 – A)</u>**

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

**<u>See Attached Ryder Sheet (Page 7 – A - I)</u>**

_____

_____

_____

_____

_____

## ATTACHED RYDER SHEET

**(Page 7 – A)**

### POINT – II

THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE, WHERE (A) THE OFFICER'S TESTIMONY THAT APPELLANT WAS HOLDING A POUCH WHILE CUTTING HAIR WAS FAR-FETCHED, AND THE OFFICER'S VOUCHER OF "CLEAR" ZIPS OF "MARIJUANA" CONTRADICTED THE 70 VARIOUSLY COLORED ZIPS OF COCAINE ATTRIBUTED TO APPELLANT, AND (B) THE CHEMIST'S FLAWED PROJECTION OF THE NET CONTENT WEIGHT OF 48 ZIPS, BASED ON THE WEIGHT OF ONLY ONE ZIP ARBITRARILY CHOSEN, WAS SCIENTIFICALLY UNSOUND.

(A) THE POLICE TESTIMONY WAS NOT CREDIBLE; AND

(B) BUTHORN'S CALCULATIONS WERE SCIENTIFICALLY FLAWED.

### SUPPORTING FACTS

**(Page 7 – A – 1)**

The Verdict Was Against The Weight Of The Evidence: Officer Edwards, role that day was the arresting Officer, he was to prepare all the paperwork, voucher everything that was found and where it was at. This Officer has made over 300 arrests, and he has assisted in over 500 cases, a hundred of those cases, a hundred of those cases were drugs. He has assisted in at least hundred search warrant cases.

Nevertheless, officer Edwards, was the one who vouched all the drugs that were found that day. On page 77, Det-Edwards-Direct, Ms. Holderness; He said the evidence that was recovered from Melvin Porter, was put in a separate manila envelope from the evidence that was recovered from Ringer. On the next page 78, he describes how he counted out each narcotic, and typed it on a line and had his boss seal it then sent it to the lab, field tested and sealed.

## ATTACHED RYDER SHEET

**(Continued Page 7 – A – 1)**

That was Exhibit 1, voucher P664290. He said from the time he recovered the Cocaine, to the time he sent it to the lab, it never left his possession. Unfortunately, Officer Edwards, voucher of Clear Zips of Marijuana are attributed to appellant. The contradicted the 70 variously colored zips of Cocaine alleged that the appellant possessed.

Officer Edward's testimony is outrageous. (see) On page 214, line 7 thru 23, what I find is scientifically unsound is that she would take one bag at random and multiply it by 48, and came up with a supposedly accurate total; to do so, every bag would have to weigh the same; it's not like this is a lot of drugs, to get an accurate weight count, all she had to do was empty out all the contents and weigh it.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____ N / A _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☒ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____ N / A _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    Yes ☐ No ☒

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____ N / A _____

    Name and location of the court where the motion or petition was filed: _____ N / A _____

_____

    Docket of the case number (if you know): _____ N / A _____

    Result (attach a copy of the court's opinion or order, if available): _____ N / A _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

    Yes ☐ No ☒

    (4) Did you appeal from the denial of your motion or petition?

    Yes ☐ No ☒

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐ No ☒

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the motion or petition was filed: _____ N / A _____

_____

    Docket or case number (if you know): _____ N / A _____

    Date of the court's decision: _____ N / A _____

    Result (attach a copy of the court's opinion or order, if available): _____ N / A _____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N / A _____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____ N / A _____

_____

_____

_____


**GROUND THREE:** __See Attached Ryder Sheet (Page 9 – A)__ _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
__See Attached Ryder Sheet (Page 9 – A - 1)__

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Three, explain why: _____ N / A _____

_____

_____

_____

(c)  **Direct Appeal on Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☒  No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why: _____ N / A _____

    _____

(d)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    Yes ☐  No ☒

    (2)  If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____ N / A _____

    Name and location of the court where the motion or petition was filed: _____ N / A _____

    _____

## ATTACHED RYDER SHEET

**(Page 9 – A)**

### POINT – III

THE COURT DENIED APPELLANT DUE PROCESS BY FAILING TO LIMIT ITS CONSTRUCTIVE POSSESSION CHARGE TO CO-DEFENDANT RINGER AND INSTRUCTING THE JURY ON JOINT POSSESSION, THEREBY BROADENING THE PEOPLE'S THEORY OF GUILT AT TRIAL, AND WRONGFULLY PERMITTING THE JURY TO CONVICT ON AN UNLAWFUL GROUND NOT ALLEGED BY INDICTMENT BUT INSINUATED REPEATEDLY BY CO-DEFENDANT RINGER'S COUNSEL.

### SUPPORTING FACTS

**(Page 9 – A – 1)**

The Court Denied Appellant Due Process by Failing To Limit Its Constructive Possession Charge: In the Court instructions to the jury it failed to limit it's constructive possession charge to co-defendant Mr. Ringer and instructing the jury on joint possession, broadening the People's theory of guilt at trial, and wrongfully permitting the jury to convict on an unlawful ground not alleged by indictment, but insinuated repeatedly by co-defendant Mr. Ringer's counsel.

Furthermore, appellant was not accused of acting in concert with Mr. Ringer. The ½ ounce or more that was found in Mr. Ringer's work station was supposed to be attributed only to Mr. Ringer. And the Court's jury instruction on Constructive Possession seemingly applied to both co-defendants. The deliberating jury sent a note indicating their speculation that at least some drugs in the Barbershop may have been possessed by two or more people. The Court responded by instructing the jury on joint possession. About two hours after that note, the jury convicted appellant on that count.

## ATTACHED RYDER SHEET

**(Continued Page 9 – A – 1)**

Thus, the Court's erroneous joint and constructive possession instruction, unfairly

expanded the people's theory to allow the jury to convict appellant based on his constructive

possession of other drugs in the Barbershop, not those alleged on his person, denied appellant a

fair trial.

The Lower Courts instruction on Constructive Possession, and Acting in Concert, was not

a part of the original indictment or of the agreed upon charges to be submitted to the jury thereby

prejudicing the appellant.

Docket or case number (if you know): _____ **N / A** _____

Date of the court's decision: _____ **N / A** _____

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

_____

_____

(3)  Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4)  Did you appeal from the denial of your motion or petition?

Yes ☐  No ☒

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☒

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: _____ **N / A** _____

_____

Docket or case number (if you know): _____ **N / A** _____

Date of the court's decision: _____ **N / A** _____

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ **N / A** _____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that

you have used to exhaust your state remedies on Ground Three: _____ **N / A** _____

_____

_____

**GROUND FOUR:** **See Attached Ryder Sheet (Page 10 – A)** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

**See Attached Ryder Sheet (Page 10 – A - I)** _____

_____

_____

_____

## ATTACHED RYDER SHEET

**(Page 10 – A)**

### POINT – IV

THE COURT ERRED IN GRANTING THE PEOPLE'S REQUEST FOR A SIX YEAR SENTENCE WHERE APPELLANT, 63 YEARS OLD WITH A WORK HISTORY, POSSESSED ONLY A SMALL AMOUNT OF DRUGS.

### SUPPORTING FACTS

**(Page 10 – A – 1)**

Excessive sentence: Appellant, now 65 years old is serving Six years and Three Years Post Release, for allegedly possessing a pouch of cocaine.

Before this conviction, appellant had been employed for 8 years at this Barbershop, also appellant worked in construction as well, and he was a productive member within Society; Appellant was living with his fiancé and two children, with a child along the way.

Since this incarceration, appellant's fiancé had a nervous breakdown, and appellant's children have been place within the system, everything that appellant worked so hard to achieve has been lost!

Based on the foregoing the appellant respectfully request that this conviction be reversed.

(b)   If you did not exhaust your state remedies on Ground Four, explain why: _____ **N / A** _____

(c)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒ No ☐

(2)   If you did <u>not</u> raise this issue in your direct appeal, explain why: _____ **N / A** _____

(d)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐ No ☒

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ **N / A** _____

Name and location of the court where the motion or petition was filed: _____ **N / A** _____

Docket or case number (if you know): _____ **N / A** _____

Date of the court's decision: _____ **N / A** _____

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

(3)   Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4)   Did you appeal from the denial of your motion or petition?
Yes ☐ No ☒

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☒

(6)   If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: _____ **N / A** _____

Docket or case number (if you know): _____ **N / A** _____

Date of the court's decision: _____ **N / A** _____

Result (attach a copy of the court's opinion or order, if available): _____ **N / A** _____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N / A

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that

you have used to exhaust your state remedies on Ground Four:    N / A

_____

_____

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____N / A_____

_____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them: _____

N / A

_____

_____

14.  Have you previously filed any type of petition, or motion in a federal court regarding the conviction that you

challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or orders, if available. _____N / A_____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____**N / A**_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **David E. Liebman, Esq, 350 Broadway, Suite 700, New York, New York 10013** _____.

At arraignment and plea: **David E. Liebman, Esq, 350 Broadway, Suite 700, New York, New York 10013** _____

(b) At trial: **David E. Liebman, Esq, 350 Broadway, Suite 700, New York, New York 10013** ___

_____

(c) At sentencing: **David E. Liebman, Esq, 350 Broadway, Suite 700, New York, New York 10013** _____

(d) On appeal: **Robert S. Dean, Esq, Center for Appellate Litigation, 74 Trinity Place, New York, N.Y. 10006** _____

(e) In any post-conviction proceeding: _____**N / A**_____

_____

(f) On appeal from any ruling against you in a post-conviction proceeding: __**N / A**____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☒ No ☐

(a) If so, give name and location of the court that imposed the other sentence you will serve in the future:
New York State, Supreme Court Queen's County, 125-01 Queens Blvd., Kew Gardens, New York 11415
Ind. No. 1718 / 2009

(b) Give the date the other sentence was imposed: **September 22, 2011**

(c) Give the length of the other sentence: **16 to Life Concurrently with prior sentence appealed**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          Yes ☒ No ☐

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.*

**The current petition is ruled timely as it does not pass the AEDPA limitations**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
 (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
 (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subdivision.

Therefore, petitioner asks that the Court grants the following relief: **That the judgment rendered on January 5, 2011, be vacated and the charges against the defendant be dismissed in totality**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the following is true and correct and that this Petition for Writ of Habeas Corpus was placed in the mailing system on _____

_____ (month, date, year).

Executed (signed) on  *1/28/15* _____ (ate).

*Melvin Porter*
Signature of Petitioner

If the signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition, _____

_____

_____

*Sworn before me this 28th day of January, 2015*

```
NICOLE M. PISON
NOTARY PUBLIC STATE OF NEW YORK
No. #01PI6312841
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES 10/06/20
```