```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MELVIN PORTER,                                                          :
                                                                        :
                                   Petitioner,                          :     15-CV-816 (JMF)
                                                                        :
                -v-                                                     :     MEMORANDUM OPINION
                                                                        :           AND ORDER
W. KEYSER,                                                              :
                                                                        :
                                   Respondent.                          :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/08/2016

JESSE M. FURMAN, United States District Judge:

Melvin Porter, proceeding *pro se*, petitions for the writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. (Petition (Docket No. 2)). Porter was convicted after a jury trial of criminal possession of a controlled substance and was sentenced as a second felony drug offender previously convicted of a violent felony to a determinate prison term of six years, followed by three years of post-release supervision. In his Petition, Porter argues that (1) his Fourth Amendment rights were violated when the police searched and then arrested him without probable cause; (2) the jury's verdict was against the weight of the evidence; (3) the trial court erred by instructing the jury on constructive and joint possession; and (4) his sentence was excessive. (Petition 3-A). More than seven months after Porter filed his Petition, he submitted a letter to the Court asking that his Petition be held in abeyance to allow him to exhaust a fifth claim — alleging ineffective assistance of appellate counsel — in state court. (Docket No. 17). For the reasons that follow, Porter's request to hold his petition in abeyance and his Petition itself are both DENIED.

BACKGROUND

On January 5, 2011, Porter was convicted of Criminal Possession of a Controlled Substance in the Fourth Degree and was sentenced to six years in prison, followed by three years of post-release supervision. *See People v. Porter*, 109 A.D.3d 737 (N.Y. App. Div. 2013). In particular, Porter was sentenced as a second felony drug offender previously convicted of a violent felony. (State Ct. R. (Docket No. 10) ("SR") 164). On direct appeal, Porter filed a counseled brief in the Appellate Division, First Department, arguing that (1) his motion to suppress evidence should have been granted; (2) the jury's verdict was against the weight of evidence; (3) the Court's jury instructions on constructive possession broadened the prosecution's theory of guilt; and (4) his sentence was excessive. (*See id.* at 89-157). On September 24, 2013, the Court affirmed Porter's conviction. Specifically, the Court held that the suppression motion was rightly denied; the verdict was not against the weight of evidence and Porter "generally matched the detailed description contained in the warrant, notwithstanding minor discrepancies"; the trial court "provided a correct and meaningful response to the jury's inquiry"; and there was no basis for reducing the sentence. (*Id.* at 232-34).

Porter sought leave to appeal to the New York Court of Appeals with respect to all issues he had raised before the Appellate Division. (*Id.* at 235-36). Porter later filed a "follow-up" letter that discussed the merits of the Fourth Amendment issue alone (*id.* at 237-44), and the state filed a letter in opposition to the leave application, (*id.* at 245-50). On November 22, 2013, the Honorable Victoria A. Graffeo denied Porter's application. (*Id.* at 251).

DISCUSSION

In his Petition, Porter argues that (1) his Fourth Amendment rights were violated; (2) the jury's verdict was against the weight of evidence; (3) the trial court erred in instructing the jury

2

on constructive possession; and (4) his sentence was excessive.  (*See* Petition 3-A).  As noted, also pending before the Court is a letter from Porter requesting that his Petition be held in abeyance to allow him to exhaust an additional claim in state court.  The Court will address Porter's abeyance motion before turning to the substance of the Petition.

**A.  Motion To Hold in Abeyance**

More than seven months after Porter filed his habeas petition, he filed a letter asking that it be held in abeyance to allow him to exhaust a new claim based on ineffective assistance of counsel.  (Docket No. 17).  Although district courts have the inherent authority to issue stays, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribe[s]" that discretion in the habeas context.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Among other things, AEDPA's one-year statute of limitations establishes a "'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'"  *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "Stay and abeyance, if employed too frequently," runs the risk of muddying that clear instruction, frustrating "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "underm[ing] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Id.* at 277.  For those reasons, the stay of a habeas petition "is only appropriate when the district court determines" that (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court" and (2) the unexhausted claims are not "plainly meritless."  *Id.*  "[I]t is the petitioner who has the burden of demonstrating 'good cause' for his failure to exhaust previously any unexhausted claims."

3

*Perkins v. LaValley*, No. 11-CV-3855 (JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012).

Applying those standards here, the Court is compelled to deny Porter's request for a stay. In particular, Porter fails to show good cause for his failure to raise his ineffective assistance of appellate counsel claim in state court before bringing his habeas petition. Indeed, Porter provides no explanation at all for his decision to wait until September 2015 — nearly two full years after the resolution of his direct appeal — to first raise the ineffectiveness claim in state court. For that reason, the Court denies Porter's request to hold his petition in abeyance.

**B. The Merits**

Turning to the merits of Porter's claims, each claim was adjudicated on the merits by a state court, so under the deferential standards of AEDPA a writ of habeas corpus may be granted only if (1) the state court's denial of Porter's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Applying those standards to each of Porter's four claims in turn, the Court concludes that none of his claims has merit and that his petition for habeas corpus must be denied.[1]

---

[1] Respondent argues that two of Porter's claims — namely, the jury instruction and excessive sentence claims — should be dismissed for failure to exhaust because his second letter to the New York Court of Appeals referenced only the Fourth Amendment claim. (Resp't's Mem. Law Opp'n Pet. Writ Habeas Corpus (Docket No. 9) ("Resp't's Opp'n") 13). As the exhaustion requirement is not jurisdictional, the Court need not and does not reach that

Porter's first claim — that his motion to suppress drugs recovered at the time of his arrest should have been granted by the trial court (Petition 6-A) — is barred by *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. Thus, to prevail on his claim, Porter must prove either that New York "has provided no corrective procedures at all to redress the alleged fourth amendment violations" or that, if a corrective mechanism exists under New York law, he "was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Porter can do neither. It is well established that New York's procedures for litigating Fourth Amendment claims are "facially adequate." *Id.* at 70 n.1 (internal quotation marks omitted); *see also Daily v. New York*, 388 F. Supp. 2d 238, 249 (S.D.N.Y. 2005) (finding that New York has provided a sufficient corrective mechanism). And Porter makes no argument (and the Court finds nothing in the record) that would indicate a "breakdown in the underlying process," let alone an "unconscionable" one. *Capellan*, 975 F.2d at 70. In light of *Stone*, therefore, Porter's Fourth Amendment claim is easily rejected.

Next, Porter contends that the jury's verdict was against the weight of the evidence because the jury should not have credited the testimony of certain witnesses. (Peition 7-A). A weight-of-the-evidence claim, however, is purely a creature of state law. *See* N.Y. Crim. Proc. Law § 470.15(5); *see also Cintron v. Fisher*, No. 07-CV-1058 (KMK) (PED), 2012 WL 213766,

---

argument. *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988); *Morales v. Ford*, No. 3:14-CV-1670 (MPS), 2015 WL 3529630, at *1 (D. Conn. June 4, 2015).

at *3 (S.D.N.Y. Jan. 24, 2012) (citing cases). Accordingly, it is "not cognizable on habeas review." *Mobley v. Kirkpatrick*, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011); *see also Freeman v. Kadien*, 684 F.3d 30, 34-35 (2d Cir. 2012) (reaffirming that a question of state law "is not subject to federal habeas review"). Even if the Court were to treat the argument as a *sufficiency-*of-the-evidence claim — which is cognizable on federal habeas review, *see, e.g.*, *McCall v. Rivera*, 965 F. Supp. 2d 311, 332 (S.D.N.Y. 2013) — it would still fail. Sufficiency-of-the-evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, even on direct appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Second, if a state court has denied a claim on the merits, a federal court "may not grant the writ unless [it] conclude[s] that *no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Garbutt v. Conway*, 668 F.3d 79, 81-82 (2d Cir. 2012). Porter comes nowhere near overcoming these high hurdles, as his sole arguments go to witness credibility. *See, e.g.*, *Bossett v. Walker*, 41 F.3d 825, 830 (2d Cir. 1994) ("[T]he jury is exclusively responsible for determining a witness' credibility." (internal quotation marks omitted)). Thus, Porter's evidentiary challenge fails.

Third, Porter contends that the trial court erred in its instructions to the jury. (*See* Petition 9-A). Those arguments fail because Porter did not object to (and, in fact, even affirmatively consented to) the jury instructions at trial, and the Appellate Division declined to review his challenge based on New York's contemporaneous objection rule. *See Porter*, 109 A.D.3d at 738; *see also* N.Y. Crim. Proc. Law § 470.05(2). As a general rule, a federal court "'will not

review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)).  Admittedly, that rule applies only if the state-law ground is a "firmly established and regularly followed state practice," *James v. Kentucky*, 466 U.S. 341, 348-49 (1984), but the Second Circuit has held that New York's contemporaneous objection requirement satisfies that requirement, *see Whitley v. Ercole*, 642 F.3d 278, 286-87 (2d Cir. 2011).  Thus, in order to pursue his jury-instruction claim in this Court, Porter would have to show some "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. at 750.  Porter does not even attempt to make such a showing here, so his jury instructions claim is barred.

Finally, Porter contends that his sentence of six years' imprisonment followed by three years of post-release supervision violates the Eighth Amendment's prohibition on cruel and unusual punishment.  (*See* Pet. 10-A).  But Porter's sentence was well within the three-and-a-half to nine-year range set by the state legislature for a defendant previously convicted of a violent felony.  *See* N.Y. Penal Law § 70.70(4)(b)(ii); *see also id.* § 70.45(2)(d) (requiring the imposition of a period of post-release supervision of one and a half to three years).  In general, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) (internal quotation marks omitted).  Porter does not — and could not — argue "that the statute under which he was sentenced is itself unconstitutional."  *Witt v. Racette*, No. 10-CV-9180 (JPO), 2012 WL 3205177, at *10 (S.D.N.Y. Aug. 7, 2012).  And, given the offense and Porter's

prior convictions, the Court cannot conclude that his sentence is "grossly out of proportion to the severity of the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1013 (1991) (internal quotation marks omitted); *see also United States v. Gonzalez*, 922 F.2d 1044, 1052-53 (2d Cir. 1991). Accordingly, Porter's Eighth Amendment claim must be and is rejected.

## CONCLUSION

For the foregoing reasons, Porter's motion to stay and his Petition are DENIED, and the case is DISMISSED. As Porter has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Porter and to close this case.

SO ORDERED.

Date: April 8, 2016
      New York, New York

JESSE M. FURMAN
United States District Judge