```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MELVIN PORTER,                                                          :
                                                                        :
                              Petitioner,                               :     15-CV-816 (JMF)
                                                                        :
          -v-                                                           :     MEMORANDUM OPINION
                                                                        :         AND ORDER
W. KEYSER,                                                              :
                                                                        :
                              Respondent.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By Memorandum Opinion and Order entered on April 8, 2016, the Court denied Petitioner Melvin Porter's Petition for the Writ of Habeas Corpus. (Docket No. 25). On June 7, 2017 — almost fourteen months later — the Court received a motion filed by Porter, proceeding *pro se*, purporting to seek reconsideration of the Court's ruling pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 27 ("Porter Motion"); *see also* Docket No. 29 (providing pages that were missing from Porter's initial motion papers)).

To succeed on his Rule 60(b)(6) motion, Porter bears the burden of proving "extraordinary" circumstances. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."). Additionally, a Rule 60(b)(6) motion must be made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1); *see also, e.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). In this case, Porter's motion fails on both fronts. First, Porter's motion is little more than an untimely and inadequate motion for reconsideration, as it seeks to reargue points he raised in his initial papers — namely, that the trial court erred in

its instructions to the jury and that his trial counsel's failure to object to the instruction constituted ineffective assistance of counsel. (*See* Docket No. 2, at 9-A (Habeas Petition Supporting Facts); Docket No. 16, at 1-7 (Porter Brief)). A motion for reconsideration is, in itself, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and alteration omitted). As Porter cannot even meet the more lenient standard for a routine reconsideration motion, it follows that he certainly cannot meet the higher "extraordinary circumstances" standard for relief under Rule 60(b)(6). *See, e.g.*, *Cyrus v. City of N.Y.*, No. 06-CV-4685 (ARR) (RLM), 2010 WL 148078, at *3 (E.D.N.Y. Jan. 14, 2010) (stating, in reference to a Rule 60(b)(6) motion, that "[r]econsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion.").

In any event, Porter's motion is also untimely. Under Local Rule 6.3 and Rule 59 of the Federal Rules of Civil Procedure, Porter had no longer than twenty-eight days after entry of judgment to file a motion for reconsideration. *See* S.D.N.Y. Local Rule 6.3 (providing that any motion for reconsideration must be served within fourteen days of entry of judgment, unless otherwise provided by, among other things, Rule 59); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). To the extent that his motion really is a motion for reconsideration under those Rules by another name, it is patently untimely. And to the extent that it is appropriately brought under Rule 60(b)(6), it cannot be said that it was brought within a "reasonable time." Porter suggests that his motion was prompted by the Supreme Court's decision in *Buck v. Davis*, 137 S. Ct. 759 (2017). (Porter Motion 4 & n.1). But *Buck* was decided almost four months before Porter filed his motion; did

not purport to change the law; and, in any event, has little or nothing to do with the issues raised by Porter in his Petition or in his motion for reconsideration beyond the fact that it too involved a Rule 60(b)(6) motion in a state habeas case.

Accordingly, Porter's motion for reconsideration is summarily DENIED without the need for Respondent to file any opposition. As Porter has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Porter and to terminate Docket No. 27.

SO ORDERED.

Date: June 27, 2017
New York, New York

JESSE M. FURMAN
United States District Judge