UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MELVIN PORTER,                                                    :
                                                                  :
                              Petitioner,                         :
                                                                  :      15-CV-816 (JMF)
            -v-                                                   :
                                                                  :      MEMORANDUM OPINION
W. KEYSER,                                                        :      AND ORDER
                                                                  :
                              Respondent.                         :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 8, 2016, this Court issued a Memorandum Opinion and Order denying Melvin Porter's *pro se* petition for the writ of habeas corpus and a related motion to hold his petition in abeyance. *See Porter v. Keyser*, No. 15-CV-816 (JMF), 2016 WL 1417847 (S.D.N.Y. Apr. 8, 2016); *see also* Docket No. 25. Since that time, Porter has filed — and the Court has rejected — two *pro se* motions for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The first, filed fourteen months after the Court's original decision, *see* Docket Nos. 27, 29, was denied on June 27, 2017, *see* Docket No. 30. On October 17, 2017, the Second Circuit denied Porter's motions for a certificate of appealability with respect to that decision and for leave to proceed *in forma pauperis*. *See Porter v. Keyser*, No. 17-2138, 2017 WL 6880085 (2d Cir. Oct. 17, 2017). The second, filed more than two years after the Court's decision, was denied on May 8, 2018. *See* Docket Nos. 33, 34.

Porter has now filed yet another *pro se* motion for reconsideration pursuant to Rule 60(b)(6). *See* Docket No. 36 ("Petn."). Porter's latest motion is, once again, denied as frivolous and untimely. He comes nowhere near showing that there are "'extraordinary circumstances'

1

justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). And, coming over two and a half years after the Court's decision, the motion was certainly not made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Seeking to explain the delay, Porter cites various "ailments and illness." Petn. 6. But the only proof he submits relates to medical conditions that predated the Court's original decision. *See id.* Given that he filed multiple motions over the last four years and never once mentioned these (or any other) "ailments and illness," however, they do not justify his extreme delay. *Cf., e.g.*, *Alford v. Ma*, No. 2:13-CV-2493 (KJM) (KJN), 2018 WL 2754480, at *1-*2 (E.D. Cal. June 7, 2018) (finding a Rule 60(b)(6) motion to be untimely and rejecting the plaintiff's claim that the delay was justified by his mother's death, in part because she had died "well over a year and a half" before the judgment at issue and the plaintiff had not mentioned her death in intervening filings).

Accordingly, the Court denies Porter's latest Rule 60(b)(6) motion as frivolous and untimely. As Porter has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, the Court certifies pursuant to 28 U.S.C.§ 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Finally, as this is Porter's third frivolous motion for reconsideration, the Court warns Porter that the filing of additional frivolous motions for reconsideration may result in the imposition of sanctions or an injunction barring him from filing any additional motions absent prior leave of the Court. *See, e.g.*, *Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 528-29 (2d Cir. 2005).

The Clerk of Court is directed to terminate Docket No. 36 and to mail a copy of this Memorandum Opinion and Order to Porter.

SO ORDERED.

Dated: January 24, 2019
      New York, New York

                                              JESSE M. FURMAN
                                          United States District Judge